MYRTLE VANCIL RUDISAILE and GEORGE F. RUDISAILE, Appellants, v. ALICE DE BEUGHEM, Respondent, No. 41728—237 S. W. (2d) 166.

Division Two, March 12, 1951.

*W. H. Foulke* for appellants.

918

*Helen E. Redding* for respondent.

[167] TIPTON, J.—This is an action filed in the circuit court of Jasper County, Missouri, by the appellants to enforce specific performance of a written contract wherein the respondent agreed to purchase real estate in Joplin, Missouri, from the appellants. The respondent filed a counterclaim in which she sought the return of $50.00 she had paid as part purchase price on the contract. The trial court found the issues in favor of respondent and against appellants, and entered a judgment denying the action for specific performance and awarded respondent $50.00 on her counterclaim.

The contract out of which this cause of action arose is as follows:

"It is hereby agreed by and between Alice de Beughem, party of first part, and Myrtle Vancil Rudisaile, and George Rudisaile, her husband, parties of second part, that party of the first part has today paid to parties of second part, the sum of $50.00 receipt of which is hereby acknowledged, as first and partial payment of purchase price of $6500.00 for real estate known as 212 North Jackson Ave., Joplin, Mo.

"Parties of second part are to deliver to first party abstract of title brought down to date and warranty deed and first party is to deliver to second parties $6450.00."

Appellants furnished respondent with an abstract of title to the real estate described in the contract. Respondent submitted the abstract for examination to her attorney and received her attorney's written opinion. This opinion stated that the record title was vested in Myrtle Vancil, subject to the following liens, encumbrances and defects in title:

(1) A deed of trust, dated August 16, 1943, securing a promissory note for $2,250.00, executed by Myrtle Vancil, a single person, to Jack Maret, trustee for Frances V. Swogger.

(2) A lien for state, county and municipal taxes for the year 1948 assessed against the real estate.

(3) A trust agreement executed by Frances V. Swogger as donor on April 20, 1936, whereby she conveyed title described in the sale contract to the Conqueror Trust Company of Joplin, Missouri. This trust agreement made Frances V. Swogger the beneficiary of the trust estate, but it was not recorded until February 14, 1945. The warranty deed executed by Frances V. Swogger to Myrtle Vancil was recorded August 17, 1943. The opinion stated that whether title held by Myrtle Vancil was a valid, legal title depended upon whether or not she had actual knowledge of the trust agreement conveying title to the Conqueror Trust Company, and suggested that before a marketable title could be conveyed by Myrtle Vancil any possible interest of Conqueror Trust Company growing out of the prior trust agreement should be cleared from the record.

At the time Myrtle Vancil received the deed to the land in question in 1943 from Frances V. Swogger, she was unmarried but married appellant George F. Rudisaile before the date of the sale contract. She made a cash payment to Frances V. Swogger and gave her a note secured by a deed of trust on this property.

The evidence showed the opinion of respondent's attorney was brought to the attention of appellants and that respondent informed them she would not complete the contract because of the flaws in the title mentioned in the opinion. Appellants made no attempt to clear the record title but insisted upon completing the transaction with the title in the same condition as shown by the abstract, which respondent refused to do.

[168] It is appellants' contention that since the deed executed by Frances V. Swogger to appellant Myrtle Vancil Rudisaile was recorded August 17, 1943, the trust agreement executed by Frances V. Swogger on April 20, 1936, did not affect appellants' title because it was not recorded until February 14, 1945, and appellant Myrtle Vancil Rudisaile testified in this case that she had no knowledge of the

trust agreement of 1936 until after the examination of the abstract of title by respondent's attorney.

Of course, this contention would depend upon the terms of the contract of sale entered into between appellants and respondent. It provides that appellants are to deliver to respondent "abstract of title brought down to date and warranty deed" and respondent is to deliver to appellants $6,450.00.

This contract is very brief and it does not state whether the title is to be a good, marketable title or just what kind of title the appellants had, but appellants tried this case on the theory that the abstract would show the record title to be in appellant Myrtle Vancil Rudisaile.

Section 3428, R. S. Mo., 1939, provides, "No such instrument [deed] in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record."

We have ruled that this section applies to a purchaser of real estate with knowledge from any source which should reasonably put him on inquiry as to defects in the vendor's record title, and he is charged with such knowledge as he would naturally gain by making such inquiry. Woodbury v. Connecticut Mutual Life Ins. Co., 350 Mo. 527, 166 S. W. 2d 552.

It may be that appellant Myrtle Vancil Rudisaile did not have actual notice of the trust agreement or of any fact that would cause her to make inquiry. If this is true, her title would be superior to the trust agreement. But the abstract does not show these facts.

The fact that she testified at this trial that she did not know of the trust agreement until after she delivered the abstract of title to respondent does not entitle her to specific performance.

"The great weight of authority supports the rule that an abstract is an epitome of the record evidence of title; that a contract calling 'for an abstract showing good title' calls for record evidence; that nothing less will 'satisfy the condition no matter what the vendor's real title might be'; that 'it is not sufficient that the title is good in fact—that is, capable of being made good by the production of affidavits or other oral testimony; it must be good of record.'" Danzer v. Moerschel, 214 S. W. 849, l.c. 849. See also Aker v. Lipscomb, 300 Mo. 303, 253 S. W. 995.

The abstract of title furnished respondent shows this outstanding trustee's agreement. There is nothing in the abstract showing whether appellant Myrtle Vancil Rudisaile did or did not have any knowledge of this trustee's agreement at the time she took title to the property in question. Respondent had a right to look at the abstract to determine if this appellant had such knowledge. "If there is doubt or uncertainty about the title, the chancellor should resolve such doubt in favor of the purchaser who has refused to accept the proffered title; this upon the theory that no man should be compelled to buy a

922

lawsuit, unless he has contracted to buy one.'' Reeves v. Roberts, 294 Mo. 593, 242 S. W. 956, l. c. 958.

Since the abstract shows a defect in appellants' title, the trial court correctly entered a judgment for respondent, both on appellants' action for specific performance and on respondent's counterclaim.

It is therefore not necessary to discuss other defenses raised by respondent. The judgment of the trial court is affirmed. All concur.